JAMES E. GRAVES, JR., Circuit Judge,
concurring in part:
I agree with the majority that Exxon-Mobil lacked sufficient notice of the agency’s interpretation of 49 C.F.R. § 195.452(e). Consequently, I agree that Items 1-4 and 7 should be vacated. I also agree that the agency’s determination regarding Item 8 should be affirmed, but should be remanded to the agency to reevaluate the basis for the penalty associated with this violation. But the regulation is ambiguous and for that reason, deference is appropi-iate on that ground. It is well-settled that an agency’s interpretation of its own regulation must be given “controlling weight unless it is plainly erroneous or inconsistent with the regulation.” Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945). “[T]his broad deference is all the more *585 warranted when, as here, the regulation concerns ‘a complex and highly technical regulatory program,’ in which the identification and classification of relevant ‘criteria necessarily require significant expertise and entails the exercise of judgment grounded in policy concerns.’ ” Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994) (quoting Pauley v. BethEnergy Mines, Inc., 501 U.S. 680, 697, 111 S.Ct. 2524, 115 L.Ed.2d 604 (1991)).
The majority acknowledges that the regulatory program here is highly complex and, at minimum, involves “lengthy, repeated, and in-depth analysis” of risk factors by referencing the Baker Report’s elaborate and “conflicting” guidance. Instead of concluding that the agency’s interpretation of § 195.452(e) is not plainly erroneous, however, the majority creates its own definition of “consider,” which requires pipeline operators “to carefully undergo an informed decision-making process in good faith, reasonably taking into account all relevant risk factors in reaching a decision.” The majority states that its definition reflects the' unambiguous meaning of the regulation. See Christensen v. Harris Cnty., 529 U.S. 576, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000) (“Auer deference is warranted only when the language of the regulation is ambiguous.”) But its interpretation is not compelled by the regulation’s plain language, which tersely states that a pipeline operator “must, consider” “all risk factors that reflect the risk conditions on the pipeline segment.” See §" 195.452(e)(1). Nor is it compelled by any authority that the majority cites. See, e.g., J.H. Miles & Co., Inc. v. Brown, 910 F.Supp. 1138, 1156 (E.D. Va. 1995) (stating that “consider” “can hardly be read as a strict dictate” but “[ijhis does not mean that the Council has carie blanche to ignore plainly relevant information”) (emphasis added). More to the point, the majority’s interpretation, however reasonable or well-crafted, cannot supplant the agency’s interpretation of its own ambiguous regulation, “unless it is plainly erroneous or inconsistent with the regulation,” which it is not. Seminole Rock, 325 U.S. at 414, 65 S.Ct. 1215,
Though the majority is correct that plain language of § 195.452(e) allows pipeline operators' some discretion regarding how they choose to comply with the regulation, it is implausible that the agency would enact a regulation that would be so toothless as to be practically unenforceable, and would give regulated parties ultimate power to decide whether they áre in compliance. Because the agency’s interpretation of its own ambiguous regulation is not “plainly erroneous or inconsistent with the regulation,” I would.give it.deference. See Seminole Rock, 325 U.S. at 414, 65 S.Ct. 1215.